cal_____

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce Thorns,<br>CDC #D-73211,<br><br>              Plaintiff,<br>v.<br><br>S. Ryan, et al.,<br><br>              Defendants. | Civil No.07cv218 H (AJB)<br><br>Order Denying Plaintiff's Motion<br>for Appointment of Counsel<br>[Doc. No. 40] |

      Plaintiff, currently incarcerated at California State Prison-Sacramento (CSP-SAC") in Represa, California and proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights Complaint filed pursuant to 42 U.S.C. § 1983, filed on August 1, 2007, an Ex Parte Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 40].[1]

      Plaintiff moves the Court for an order appointing counsel for him in this civil rights case based upon the following arguments: 1) that he is unable to afford an attorney on his own; 2) the issued involved in this case are complex and require discovery proceedings; 3) he has encountered difficulties as a result of his incarceration in obtaining access to law books and legal materials; and 4) he has very little legal experience and inadequate time to study legal materials. Plaintiff states that unless counsel is appointed for him in this case, he is unsure he will be able to proceed further with his civil rights claims

---

[1] This is Plaintiff's second motion for appointment of counsel in this action. The first was filed on June 6, 2007, [Doc. No. 10] which was denied on June 14, 2007 by this Court [Doc. No. 13].

because his case is complex and a lawyer is needed to assist him in the gathering and presentation of evidence. However, upon review Based upon Plaintiff's application and a review of the pleadings in this case, the Court concludes that there is no basis for appointment of counsel at this point in the proceedings.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court does not find that exceptional circumstances exist so as to justify an appointment of counsel. Despite the numerous factual and legal allegations contained in Plaintiff's pleadings, Plaintiff has been able to articulate his claims with sufficient clarity to allow them to be addressed on their merits. Plaintiff's legal claims, and the factual bases for those claims in this case, are not so complex as to require the appointment of counsel. Accordingly, the Court finds that "exceptional circumstances" do not exist in this case so as to require the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the proceedings. As such, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: August 6, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court