**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRUCE THORNS,

Plaintiff,

vs.

S. RYAN, Warden, et al.,

Defendants.

CASE NO. 07-CV-0218 H (AJB)

**ORDER (1) DENYING MOTION TO DISMISS FOR FAILURE TO EXHAUST AND (2) GRANTING WITH PARTIAL LEAVE TO AMEND MOTION TO DISMISS BY DEFENDANTS RYAN AND ALVAREZ**

On February 1, 2007, Bruce Thorns ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the warden and numerous correctional officers at Calipatria State Prison, the institution where Plaintiff was confined at the time of the events giving rise to Plaintiff's complaint in this case. (Doc. No. 1.) Currently before the Court are two separate motions to dismiss.

On July 3, 2007, all defendants filed a motion to dismiss Plaintiff's complaint on the ground that Plaintiff failed to exhaust administrative remedies. (Doc. No. 32.) Plaintiff filed a response in opposition, Doc. No. 45, and Defendants filed a reply on September 24, 2007. (Doc. No. 52.)

The second motion to dismiss Plaintiff's complaint was filed on September 21, 2007 by defendants Ryan and Alvarez. (Doc. No. 51.) In addition to joining the previous motion to dismiss for failure to exhaust, Ryan and Alvarez seek dismissal of Plaintiff's complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition on November 9, 2007. (Doc. No. 55.) Defendants Ryan and Alvarez have not filed a reply. On January 16, 2008, Plaintiff notified the Court of his "willingness for the motions to be heard without oral argument." (Doc. No. 57.) The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter on the papers. For the following reasons, the Court (1) denies the motion to dismiss for failure to exhaust and (2) grants the motion to dismiss by defendants Ryan and Alvarez. The Court grants Plaintiff leave to amend the complaint with respect to defendant Ryan.

**Background**

The complaint alleges that prison officials used excessive force on Plaintiff during an October 13, 2004 altercation between prisoners and correctional officers at Calipatria State Prison. (Compl. at 22-24.)[1] Plaintiff's complaint further alleges that prison officials conspired to cover up the alleged use of excessive force. (See id. at 25-26.)

Following the incident on October 13, 2004, defendant Rivas submitted a rule violation report stating that Rivas observed Plaintiff attacking Officer Neal during the October 13, 2004 incident between inmates and correctional officers. (Id.; see Mem. Pts. & Auths. ISO Plf's. Opp. to Defs.' Mot. Dismiss ("Plf's. Oppo."), Doc. No. 55-2, at 15.) Plaintiff disputed Rivas's account. On December 25, 2004, Plaintiff appeared before a Senior Hearing Officer ("SHO") for adjudication of the rules violation report. (Id.) Prior to the hearing Plaintiff was afforded an opportunity to question Officer Neal, who indicated that Plaintiff did not attack him. (See id. at 17.) At the hearing, the SHO found Plaintiff guilty of battery on a peace officer and imposed a term of confinement in administrative segregation. (Id. at 18.)

Plaintiff appealed the SHO's decision and his punishment. (Id. at 21.) On April 5, 2005, the Chief Deputy Warden granted Plaintiff's appeal at the second level, on the ground that due process was not afforded to Plaintiff. (See Plf's. Opp. at 21-29.)

---

[1] The Court had some difficulty discerning the page numbers on Plaintiff's complaint. In this Order, citations to the complaint are to the page numbers as the document appears in the Court's electronic filing system.

With respect to his allegations of excessive force and a cover-up, Plaintiff asserts that he filed two "Form 602" grievances which the appeals office never processed. (See Doc. No. 45-3, Decl. of Bruce Thorns ISO Plf's. Oppo. to Defs.' Mot. Dismiss ("Plf's. Decl.") ¶¶ 3, 4.) On January 17, 2005, Plaintiff sent a letter with another Form 602 to the Warden asking him to answer the appeal because the appeals office had failed to do so. (Id. ¶ 4; see id., Ex. A.) On November 10, 2005, Plaintiff's appeal was denied at the second level of review. (Plf's. Decl. ¶ 5.) Shortly thereafter, on November 22, 2005, Plaintiff was transferred to a new facility. Plaintiff asserts that despite several attempts to obtain a copy, several months elapsed before he received the denial of his second level appeal. (Id. ¶¶ 5, 6, 17; see id., Exs. B, C.) Plaintiff submitted a copy of a statement filed by defendant Rivas, in which Rivas recounts his own unsuccessful attempts to obtain a copy on Plaintiff's behalf. (See Plf's. Decl., Ex. D.) Plaintiff asserts that he received the second level response on June 29, 2006. (Plf's. Decl. ¶¶ 10-11; see id., Exs. F, G.)

On July 2, 2006, Plaintiff submitted the appeal to the third level of review with a letter explaining why it was late. (Id. ¶ 11, Ex. G.) The appeal was screened out as untimely and returned to Plaintiff on August 27, 2006. Plaintiff resubmitted the appeal and, on October 30, 2006, it again was returned to him as untimely. (Id. ¶ 12; see also Doc. No. 32-2, Decl. of N. Grannis ISO Defs.' Motion to Dismiss Compl. ¶ 8.)

## Discussion

### I. Motion to Dismiss - Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic

Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff's obligation under Rule 8(a)(2) "to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id. In a civil rights action under § 1983 where the plaintiff is proceeding pro se, courts liberally construe the complaint. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). However, this does not discharge the plaintiff's obligation to allege specific, overt acts that support the claims asserted in the complaint. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

**A. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C § 1997e(a) to provide that "no action shall be brought with respect to prison conditions under § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is no longer within the discretion of the district courts but is mandatory. Woodford v. Ngo, 126 S.Ct,. 2378, 2382 (2006). "Prisoners must now exhaust all available remedies, not just those that meet federal standards." Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 2386. However, once no remedy remains "available," a prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005); see id. at 936 (declining to insist that prisoners "continue to make appeals to administrators who will not read or consider them"); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("remedy becomes unavailable if prison employees do not respond to a properly filed grievance").

A plaintiff who fails to exhaust available administrative remedies prior to filing suit is subject to dismissal on an "unenumerated Rule 12(b) motion, rather than a summary judgment motion." See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003.) The Ninth Circuit, however, has stressed that § 1997e(a) is an affirmative defense and, therefore, that defendants asserting it "have the burden of raising and proving the absence of exhaustion." Id.; see Brown v. Valoff, 422 F.3d at 936 ("it is of central importance that § 1997e(a) is an

affirmative defense"). A complaint should not be dismissed where the plaintiff submits evidence showing, and the defendants do not disprove, that no remedy was available. Brown v. Valoff, 422 F.3d at 937. "Relevant evidence in so demonstrating would include . . . documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure . . . , such as [] response memoranda." Id.

The administrative review process of the California Department of Corrections consists of a grievance system for prisoner complaints, in which "any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." See Cal. Code Regs., tit. 15 § 3084.1(a). Four levels of appeal exist: (1) informal resolution, (2) formal written appeal via a Form 602 grievance, (3) second level appeal to the institution head, and (4) third level appeal to the Director of the California Department of Corrections. At each level, the inmate must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Id. at § 3084.6(c); see Woodford v. Ngo, 126 S.Ct. at 2382-83. Defendants here argue that Plaintiff failed to secure Director-level review of his complaints.[2] Plaintiff responds with evidence showing that on several times he submitted appeals to the Director but that he never received any response.

The Court concludes that Plaintiff's complaint survives Defendants' motion to dismiss based on non-exhaustion. Defendants contend that the date written on the document establishes that Plaintiff's second level appeal was returned to him on November 17, 2005. However, Plaintiff's evidence demonstrates that he was transferred to another facility only five days later, see Plf's. Decl. ¶ 5, and Plaintiff asserts that in fact he did not

---

[2] Defendants argue, alternatively, that even if prison officials improperly screened out Plaintiff's grievance before it reached Director-level review, Plaintiff prior to filing this suit was obligated to seek a writ of mandate in California Superior Court compelling prison officials to complete the review. The Court rejects this argument. Section 1997e(a) requires exhaustion of available administrative, not judicial, remedies. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1062 (9th Cir. 2007) ("[T]he Supreme Court has made clear that the PLRA requires a prisoner to exhaust the prison's internal grievance process." (emphasis in original).)

receive the second level response until June 29, 2006. (Plf's. Decl. ¶ 11.) This assertion finds support in Plaintiff's evidence documenting several unsuccessful attempts to obtain a copy of that appeal. (Plf's. Decl., Exs. B, D, F.) Plaintiff's evidence further demonstrates that when he ultimately filed his third level appeal – in July of 2006, soon after Plaintiff states he received the second level response – he attached a letter explaining that he only recently received the second level response. (See Plf's. Decl., Ex. G.) Defendants' evidence confirms that Plaintiff's third level appeal was received, but screened out as untimely, in July of 2006 and again in September of 2006. (Grannis Decl. ¶ 8.)

Faced with the evidence submitted by Plaintiff, the Court concludes that to be entitled to dismissal of Plaintiff's complaint Defendants must establish that Plaintiff actually received the second level response in November of 2005 (or, at least, earlier than June of 2006). On the record before it, the Court cannot conclude that Plaintiff actually received the response on the earlier date, and therefore cannot conclude that he failed to timely exhaust all available administrative remedies. See Cal. Code Regs., tit. 15 at § 3084.6 (inmate must submit appeal "within 15 working days of receiving an unacceptable lower level appeal decision" (emphasis added)). The Court therefore denies Defendants' motion to dismiss based on Plaintiff's alleged failure to exhaust.

**B. Failure to State a Claim - Defendants Ryan and Alvarez**

Defendants Ryan and Alvarez argue that Plaintiff's claims against them should be dismissed because the complaint fails to sufficiently allege their personal involvement in the injuries allegedly suffered by Plaintiff. Defendant in his opposition brief agrees that defendant Alvarez should be dismissed. (See Doc. No. 55-2 at 2.) The Court therefore grants the motion as to Alvarez. For the following reasons, the Court also grants the motion (with leave to amend) as to defendant Ryan.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must show (1) a violation of rights protected by the Constitution or federal law, that was (2) proximately caused by defendants acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). However, section 1983 does not permit respondeat superior liability

to be imposed on a supervising officer. E.g., Rise v. Oregon, 59 F.3d 1556, 1563 (9th Cir. 1995). To state a claim against a supervisor, such as a warden, a plaintiff must allege that the supervisor had personal involvement in the alleged wrongful acts, or that a sufficient causal connection existed between the supervisor's wrongful conduct and the constitutional violation. See id.; Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).

Here, Plaintiff's complaint alleges that defendant Ryan is the warden of Calipatria State Prison and therefore "legally responsible for the overall operation of the prison where Plaintiff was confined." (Compl. at 4.) The complaint contains general allegations that defendant Ryan "and his subordinates" conspired to cover up information of retaliation and discrimination against Plaintiff, and that defendant Ryan illegally retained Plaintiff in administrative segregation. (Id.; see id. at 28.) Without additional, more specific allegations regarding the involvement of defendant Ryan, the Court concludes that Plaintiff's complaint fails to state a claim against defendant Ryan upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Since the Court grants the motion to dismiss by Ryan and Alvarez, the Court need not address those defendants' contention that they are entitled to qualified immunity.

**Conclusion**

The Court denies the motion by all defendants to dismiss Plaintiff's complaint on grounds of non-exhaustion. (Doc. No. 32.) The Court grants the motion to dismiss filed by defendants Ryan and Alvarez. (Doc. No. 51.)

With respect to Plaintiff's claims against defendant Ryan, the Court grants leave to amend the complaint. Within 30 days of the date this Order is stamped "filed," Plaintiff may file an amended complaint that corrects the deficiencies identified in this Order. The Court in its discretion grants all remaining defendants leave to file their answer(s) within 30 days after the filing by Plaintiff of an amended complaint.

IT IS SO ORDERED.

DATED: February 26, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT