# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE THORNS, | CASE NO. 3:07-CV-00218-H-AJB |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| S. RYAN, et al., | |
| Defendants. | |

On February 1, 2007, Plaintiff Bruce Thorns, a state prisoner incarcerated at California State Prison-Sacramento located in Represa, California, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against the warden and numerous correctional officers at Calipatria State Prison, the institution where Plaintiff was confined at the time of the events giving rise to the complaint in this case. (Doc. No. 1.) On July 3, 2007, Defendants filed a motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. (Doc. No. 32.) On September 21, 2007, Defendants Ryan and Alvarez filed another motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 51.) On February 26, 2008, this Court issued an Order denying motion to dismiss for failure to exhaust, and granting with partial leave to amend motion to dismiss by Defendants Ryan and Alvarez. (Doc. No. 58.)

On April 15, 2008, Plaintiff filed a First Amended Complaint ("FAC") alleging

1  excessive force, retaliation, due process, conspiracy and deprivation of personal property
2  claims against twenty-five Defendants.  (Doc. No. 61.)  On May 15, 2008, all served
3  twenty-three Defendants[1] filed a motion to dismiss the FAC.  (Doc. No. 62.)  Plaintiff filed an
4  opposition to Defendants' motion on June 12, 2008.  (Doc. No. 65.)  Defendants filed a reply
5  on June 19, 2008.  (Doc. No. 66.)  Defendants' motion to dismiss was granted in part and
6  denied in part by the Report and Recommendation ("R&R") on August 1, 2008.  (Doc. No.
7  67.)  The R&R was adopted on January 23, 2009 and the Plaintiff was granted leave to amend.
8  (Doc. No. 71.)

9  On March 9, 2009, Plaintiff filed a second amended complaint ("SAC") pursuant to 42
10 U.S.C. § 1983, alleging excessive force, retaliation, due process, conspiracy and deprivation
11 of personal property claims against thirteen Defendants: R.A. Davis, B.C. Reis, T.E. Borem,
12 A. Casillas, S. Ritter, S. Crittendon, A. Elizondo, M. Ramirez, S. Ryan, M.W. O'Connell, J.
13 Rivas, Z. Limas, and M. Whitman.  (Doc. No. 77.)  On April 22, 2009, Defendants filed a
14 motion to dismiss the SAC on the grounds that: (1) Defendants are immune from liability for
15 damages in their official capacities under the Eleventh Amendment; (2) Plaintiff has failed to
16 state a retaliation, due process, conspiracy or deprivation of property claim; and (3) Defendants
17 are protected by qualified immunity.  (Doc. No. 86.)  Defendants also contend that the
18 Plaintiff's request for injunctive relief is moot.  (Id.)  Plaintiff filed a response in opposition
19 on June 19, 2008.  (Doc. No. 92.)

20  After due consideration, the Court GRANTS Defendants' motion to dismiss Plaintiff's
21 SAC as to all Defendants to the extent that Plaintiff seeks monetary damages against them in
22 their official capacities.  The Court also GRANTS Defendants' motion to dismiss Plaintiff's
23 claims of due process violations, conspiracy, and deprivation of property.  The Court GRANTS
24 Defendants' motion to dismiss Plaintiff's retaliation claim as to Defendants Ryan, Ries,
25 Ramirez and Elizondo.  The Court DENIES Defendants' motion to dismiss Plaintiff's
26 retaliation claim as to Defendants Borem and Whitman.  Finally, the Court GRANTS

---

28  [1] Plaintiff named twenty-five Defendants in his FAC, however, two of the named Defendants were deceased at the time and had not been served.  (See Doc. Nos. 6, 8.)

Defendants' motion to dismiss Plaintiff's request for injunctive relief as moot.

**Background**

The SAC alleges that prison officials used excessive force on Plaintiff during an October 13, 2004 altercation between prisoners and correctional officers at Calipatria State Prison. (Doc. No. 77, ¶¶ 21-23.) Plaintiff claims that Defendant O'Connell struck Plaintiff with a baton on the right ankle, and then on the left side of the head, which rendered Plaintiff unconscious, left a large hematoma, and caused some hearing loss in his left ear. (Id. ¶¶ 22-23.) Plaintiff alleges that when Plaintiff regained consciousness, he was on the ground in handcuffs, and Defendant Casillas sprayed him in the face with Oleoresin Capsicum ("OC"), also known as pepper spray. (Id. ¶ 24.) The SAC alleges that Defendant O'Connell struck Plaintiff's upper and lower body with a baton while making racial and discriminatory remarks, until Plaintiff's right ankle broke. (Id. ¶ 27.) Plaintiff's SAC alleges that he was later x-rayed at the hospital and treated by medical staff with a temporary cast. (Id. ¶ 31.)

Plaintiff alleges that from then on, he was harassed and threatened by various officers. (Id. ¶¶ 33-52.) Plaintiff also alleges Defendants conspired and retaliated against him for exercising his constitutional rights by placing him in administrative segregation, taking away his good time credits, and transferring him to a different prison. (Id.) Plaintiff also alleges Defendant Borem deprived him of his property when Borem ordered to take away Plaintiff's television and radio. (Id. ¶ 45.)

**Discussion**

**I. Eleventh Amendment**

Defendants seek dismissal of Plaintiff's claims to the extent that he is suing them in their "official capacity." (Doc. No. 87 at 6.) While the Eleventh Amendment bars a prisoner's section 1983 claims against a state actor sued in his official capacity, it does not bar damage actions against a state official sued in his personal or individual capacity. Hafer v. Melo, 502 U.S. 21, 31 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992).

Here, Plaintiff brings this section 1983 suit against Defendants in both their official and

individual capacities. (Doc. No. 77, ¶ 20.) The Eleventh Amendment imposes no bar to Plaintiff's damages action against Defendants for acts alleged to have been taken in their personal capacity. See Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). The Supreme Court has made it clear that a plaintiff can seek damages in a section 1983 action if he alleges facts sufficient to show personal liability through individual actions or omissions, taken under color of state law, which cause the deprivation of Plaintiff's constitutional rights. Hafer, 502 U.S. at 25.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks monetary damages against them in their official capacities.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants seek dismissal of Plaintiff's SAC pursuant to the Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983. (Doc. No. 87 at 7.) To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Lazy Y. Ranch v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 554. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 554 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

Generally, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, conclusory allegations of law and unwarranted inferences are

insufficient to defeat a motion to dismiss for failure to state a claim." <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir.1996); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555.

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). Nevertheless, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

To state a claim under section 1983, Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Parrat v. Taylor</u>, 451 U.S. 527, 536 (1981) (overruled on other grounds by <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986)). Defendants argue that Plaintiff has not met the second requirement, because the SAC fails to show a denial of Plaintiff's constitutional rights.

**A. Excessive Force**

Plaintiff's SAC alleges that Defendants O'Connell and Casillas violated his Eighth Amendment right to be free from excessive force. (SAC ¶ 68.) Plaintiff has alleged sufficient facts to state an excessive force claim against Defendants O'Connell and Casillas. Defendants do not move to dismiss this claim. Accordingly, Plaintiff can proceed with his excessive force claim.

**B. Claim of Retaliation.**

Plaintiff argues that Defendants retaliated against him for exercising his constitutional rights. (Doc. 77, ¶¶ 47, 50.) In order to sue prison officials for First Amendment retaliation under section 1983, Plaintiff must satisfy five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Prisoners have a First Amendment right to petition the government through prison grievance procedures. Id. at 567. The Court evaluates a claim for retaliation in light of the deference that must be accorded to prison officials. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff must establish a link between the exercise of his constitutional rights and the allegedly retaliatory action. Id. at 807.

**1. Claims Against Defendants Ryan, Ries, Ramirez and Elizondo**

Although Plaintiff alleges that Defendants Ryan, Ries, Ramirez and Elizondo retaliated against him for exercising his constitutional rights, and that the retaliatory action did not advance any legitimate penological goals, (Doc. No. 77, ¶¶ 47, 50.), Plaintiff's conclusory allegations will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Plaintiff fails to allege specific facts supporting his claim of retaliation by Defendants.

More specifically, as to Defendants Ryan, Ries, Ramirez and Elizondo, the SAC fails to allege specific facts to establish that Plaintiff's exercise of any protected conduct was the motivation for Defendants' adverse actions. See Rhodes, 408 F.3d at 567-68. The SAC fails to allege specific facts to show that any adverse action taken by these Defendants had the effect of chilling Plaintiff's exercise of any constitutional right. See id. Finally, the SAC fails to allege any specific facts to show that Defendants' adverse actions did not advance a legitimate correctional goal. Id. Instead, the SAC does no more than plead the Rhodes elements as conclusions.

Plaintiff's conclusory allegations as to the crucial elements of retaliation will not suffice, and the Court may not supply them. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court will not assume that Plaintiff can prove facts which he failed to allege. See Associated Gen. Contractors of Cal., Inc., 459 U.S. at 526.

**2. Claims Against Defendants Borem and Whitman**

Plaintiff alleges that Defendant Borem retaliated against him for filing a complaint against Defendants O'Connell and Casillas by ordering to take Plaintiff's television and radio.

(Doc. No. 77, ¶¶ 17, 45.) Plaintiff also alleges that Defendant Whitman caused Plaintiff to be moved to a higher security prison for filing too many grievances. (Id. ¶ 52.)

Plaintiff has alleged a cognizable First Amendment retaliation claim against Defendants Borem and Whitman. See Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir.2001) (holding that "repeated threats of transfer because of [the plaintiff's] complaints about the administration of the [prison] library" were sufficient to ground a retaliation claim); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (holding that the retaliatory imposition of a ten-day period of confinement and loss of television--justified by a correctional officer's false allegation that the plaintiff breached prison regulations--violated the First Amendment); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) ("[I]t would be illegal for [corrections] officials to transfer ... [plaintiff] solely in retaliation for his exercise of protected First Amendment rights.").

Defendants argue that because Plaintiff did not allege that Defendants' adverse action had the effect of chilling Plaintiff's exercise of his constitutional rights, Plaintiff's retaliation claim must fail. (Doc. No. 87 at 9.) These issues are better addressed in a motion for summary judgment, as Plaintiff has alleged sufficient facts to show harm in his SAC.

Accordingly, Defendants' motion to dismiss Plaintiff's retaliation claim is GRANTED as to Defendants Ryan, Ries, Ramirez and Elizondo. Defendants' motion to dismiss Plaintiff's retaliation claim is DENIED as to Defendants Borem and Whitman.

**C. Due Process Claim.**

Plaintiff alleges that Defendants violated his due process rights. (Doc. No. 77, ¶¶ 37, 39.) A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974)). Prisoners facing a disciplinary hearing are entitled to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement indicating upon what evidence the fact finders relied and the reasons for the disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; and

1  (4) an impartial fact finder.  Wolff, 418 U.S. at 564-71.  These procedural safeguards apply
2  only where "the disciplinary action implicates a protected liberty interest in some 'unexpected
3  matter' or imposes an 'atypical and significant hardship on the inmate in relation to the
4  ordinary incidents of prison life.'"  Serrano, 345 F.3d at 1078 (quoting Sandin v. Connor, 515
5  U.S. 472, 484 (1995)).
6        Plaintiff alleges that Defendant Ryan violated Plaintiff's due process rights at the
7  disciplinary hearing, because Ryan was not impartial.  (Doc. No. 77, ¶ 37.)  However, before
8  Plaintiff can allege a procedural due process violation, he must first show that he has a
9  protected liberty interest which requires the procedural safeguards.  See Sandin, 515 U.S. at
10  484.  Prisoners do not have a liberty interest in remaining within the general prison population.
11  McFarland v. Cassady, 779 F.2d 1426, 1427 (9th Cir. 1986.)  Accordingly, to the extent
12  Plaintiff alleges a liberty interest in being free from administrative segregation, his claim fails.
13  To the extent Plaintiff's claim is based on the loss of 30 days of good time credit, his claim is
14  barred, because it implies the invalidity of his conviction or sentence.  See Edwards v. Balisok,
15  520 U.S. 641, 647-48 (1997); Heck v. Humphry, 512 U.S. 477, 486-87 (1994).  Accordingly,
16  the Court GRANTS Defendants' motion to dismiss Plaintiff's due process claim.

17  **D. Conspiracy Claim**

18        Plaintiff alleges that Defendants conspired against him.  (Doc. No. 77, ¶¶11-14.)  To
19  allege a claim of conspiracy under section 1983, Plaintiff must allege facts with sufficient
20  particularity to show an agreement or a meeting of the minds to violate Plaintiff's
21  constitutional rights.  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Woodrum v.
22  Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).  "Vague and conclusory allegations
23  of official participation in civil rights violations are not sufficient to withstand a motion to
24  dismiss."  Ivey v. Bd. of Regents,  673 F.2d 266, 268 (9th Cir. 1982); Aldabe v. Aldabe,  616
25  F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support
26  a claim under section 1983).  Here, Plaintiff has failed to allege any facts which show an
27  agreement or meeting of the minds to violate any of Plaintiff's constitutional rights.
28  Woodrum, 866 F.2d at 1126; Aldabe, 616 F.2d at 1092; see also Ashcroft v. Iqbal, 129 S.Ct.

1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's conspiracy claims pursuant to Fed. R.Civ.P. 12(b)(6).

**D. Deprivation of Property**

Plaintiff alleges that Defendant Borem gave an order to confiscate Plaintiff's television and radio in violation of Plaintiff's rights. (Doc. No. 77, ¶ 17.) Plaintiff's claim that he was deprived of his personal property is not redressable under section 1983, because California provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides that public employees are liable for injuries to prisoners proximately caused by the employees' negligent or wrongful acts or omissions. See Cal. Gov't Code § 844.6. California Government Code sections 900-915 set out the procedure for making claims against public entities. California law thus provides an adequate state post-deprivation remedy for any personal property plaintiff may have lost due to prison officials' negligence. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citing Hudson, 468 U.S. at 533). Because Plaintiff has an adequate state remedy to redress his loss, he does not have a cognizable federal civil rights claim of deprivation of property. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim of deprivation of property.

### III. Injunctive Relief

Plaintiff seeks injunctive relief in the form of an order requiring his transfer from Calipatria state prison. (Doc. No. 77, ¶ 63.) Plaintiff also seeks an injunction to stop Defendants from using further excessive force on Plaintiff, or discriminating against Plaintiff. (Id. ¶ 64.) Because Plaintiff has been transferred away from Calipatria and is no longer in contact with any of the Defendants, his request is moot. See Flast v. Cohen, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented when ... the question sought to be adjudicated has been mooted by subsequent developments."). Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's request for injunctive relief.

### IV. Qualified Immunity

Defendants argue that they are protected by qualified immunity on Plaintiff's claims of

retaliation, due process, conspiracy, and deprivation of property. (Doc. No. 87 at 15.) "Qualified immunity shields § 1983 defendants '[f]rom liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (alteration in original)).

Until recently, claims of qualified immunity required a two step analysis. As a threshold matter, the court had to consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, if the plaintiff satisfied this first step, the court had to decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Id. If the allegations did not establish the violation of a constitutional right, "there [wa]s no necessity for further inquiries concerning qualified immunity." Id. The Supreme Court recently reconsidered Saucier's mandatory "rigid order of battle" and concluded that "while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory. Pearson v. Callahan, 129 S.Ct. 808, 818 (2009). Therefore, the Court can exercise its discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the case.

Defendants urge the Court to first consider whether Plaintiff has articulated a constitutional violation. (Doc. No. 87 at 16.) Defendants argue that Plaintiff failed to state a claim of retaliation, due process violation, conspiracy, or deprivation of property, and therefore the Court need not further inquire into whether the right at issue is clearly established. (Id. at 17.) As discussed above, Plaintiff failed to state a claim of due process violation, conspiracy, or deprivation of property with regard to all Defendants. Plaintiff failed to state a claim of retaliation with regard to Defendants Ryan, Ries, Ramirez, and Elizondo. Because the Court grants defendants' motion to dismiss these claims, it does not need to further analyze qualified immunity.

However, Plaintiff has stated a cognizable claim for retaliation against Defendants Borem and Whitman. The Court next must consider whether the right that Defendants allegedly violated had been clearly established--that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 201 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)). If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. Id. at 205. The prohibition against retaliatory punishment against a prisoner for exercising his First Amendment rights is clearly established law for qualified immunity purposes. Rhodes v. Robinson, 408 F.3d 559, 569-70 (9th Cir. 2005).

Because Plaintiff has stated a retaliation claim against Defendants Borem and Whitman for exercising his First Amendment rights, the Court declines to find that Defendants are protected by qualified immunity at this time. If in the course of discovery Defendants find that no violation of a clearly established right occurred, Defendants may raise their qualified immunity arguments in a motion for summary judgment.

## Conclusion

For the reasons stated above, the Court hereby:

(1) GRANTS Defendants' motion to dismiss Plaintiff's complaint as to all Defendants on Eleventh Amendment grounds only to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities;

(2) GRANTS Defendants' motion to dismiss with prejudice Plaintiff's claim of retaliation as to Defendants Ryan, Ries, Ramirez and Elizondo;

(3) DENIES Defendants' motion to dismiss Plaintiff's claim of retaliation as to Defendants Borem and Whitman;

(4) GRANTS Defendants' motion to dismiss Plaintiff's claim of due process violation as to all Defendants;

(5) GRANTS Defendants' motion to dismiss Plaintiff's claim of conspiracy as to all Defendants;

(6) GRANTS Defendants' motion to dismiss Plaintiff's claim of deprivation of property

as to all Defendants;

(7) GRANTS Defendants' motion to dismiss Plaintiff's request for injunctive relief; and

(8) ORDERS Defendants O'Connell, Casillas, Borem and Whitman to file their Answer to the remaining claims remaining in Plaintiff's SAC **within thirty (30) days** of this Order.

If Plaintiff has any additional facts on any of the dismissed claims, he may file a motion for reconsideration, submitting new facts or new law, **within thirty (30) days** of this Order.

**IT IS SO ORDERED.**

DATED: September 28, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT