1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12
13   BRUCE THORNS,

14                              Plaintiff,

       vs.

15
     S. RYAN, et al.,
16
                              Defendants.
17

CASE NO. 3:07-CV-00218-H-AJB

**ORDER REGARDING PLAINTIFF'S REQUEST FOR TRANSCRIPTS**

[Doc. Nos. 163 & 167.]

18         On April 28, 2010, pro se Plaintiff Bruce Thorns filed a request for transcripts of his

19   civil jury trial arising out of his complaint pursuant to 42 U.S.C. § 1983 against the warden

20   and numerous correctional officers at Calipatria State Prison.  (Doc. No. 163.)  Plaintiff

21   requested a transcript of his pretrial proceedings held on February 22, 2010, as well as the

22   trial held on February 23-25.  (Id. at 1.)  Plaintiff's request indicated that Plaintiff agreed to

23   pay for the cost of the transcripts.  (Id.)  Plaintiff has not submitted payment for the requested

24   transcripts.[1]  On September 13, 2010, the Court of Appeals reinstated Plaintiff's appeal and

25   issued a briefing schedule.  (Doc. No. 165.)  The Court of Appeals granted Plaintiff leave to

26   proceed in forma pauperis in his appeal.  (Doc. No. 166.)  On September 27, 2010, Plaintiff

27   filed a second request for transcripts.  (Doc. No. 167.)

28

[1] The estimated cost of the transcripts is approximately $3,500.

07cv218

An appellant proceeding in forma pauperis on appeal may request the production of transcripts at government expense pursuant to 28 U.S.C. §§ 753(f) and 1915(c).  Section 753 provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. ... Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).  The court should grant the request in a civil proceeding only where the appeal presents a substantial question.  See Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).  The district court may deny a motion for transcripts at government expense where the appellant fails to identify the grounds for appeal.  See McKinney v. Anderson, 924 F.2d 1500, 1512 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991).  If the district court denies the motion, the appellant may seek such relief in the appellate court.

Here, Plaintiff requests a transcript in a civil proceeding brought pursuant to 42 U.S.C. § 1983.  Because, Plaintiff's request for transcripts was not made in a criminal or in habeas corpus proceedings, Plaintiff does not qualify for production of transcripts at government expense.  See 28 U.S.C. § 753(f).  Plaintiff has been granted leave to proceed in forma pauperis on his appeal, and thus he  may request the production of transcripts at government expense if the Court certifies that the appeal is not frivolous, but presents a substantial question.  Plaintiff has not identified any grounds or substantial questions on appeal.  Plaintiff had a jury trial on the issues and the jury ruled against him after evaluating the credibility of the parties.  Additionally, Plaintiff has not designated specific portions of the transcript in his request.  The Court denies Plaintiff's request for transcripts at this time, as there is no substantial question for appeal.  See 28 U.S.C. § 753(f).  In lieu of transcripts, the Court directs the Clerk to provide Plaintiff with a copy of the recorded proceedings before

1  the Court in a CD format.[2]  Additionally, the Court notes that Defendants on appeal may

2  provide relevant portions of transcripts to the Ninth Circuit.

3       **IT IS SO ORDERED.**

4  DATED: September 30, 2010

5

6                          MARILYN L. HUFF, District Judge

7                          UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] The trial proceedings were before an electronic court recorder, not a court reporter.

07cv218